UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

DEVONNA MARCHELLE DAVIS,
　　　　　　　*Defendant-Appellant.*

No. 01-4097

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-00-6)

Submitted: March 12, 2002

Decided: March 29. 2002

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

William E. Loose, WILLIAM E. LOOSE ATTORNEY AT LAW, P.A., Asheville, North Carolina, for Appellant. Jerry Wayne Miller, United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Devonna Marchelle Davis appeals her conviction and sentence imposed by the district court following her guilty plea to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). Davis' counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal, but raising ineffective assistance of counsel and prosecutorial misconduct as potential issues. Davis has filed a pro se supplemental brief in which she contends that she received ineffective assistance of counsel, that the district court erred in determining her sentence, and that the indictment under which she was convicted was tainted. Finding no reversible error, we affirm.

On appeal, Davis contends she received ineffective assistance of counsel, because her attorney failed to call a character witness at her sentencing hearing and failed to obtain a downward departure pursuant to *U.S. Sentencing Guidelines Manual* § 5K1.1 (1998) and Fed. R. Crim. P. 35. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule applies when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish ineffective assistance of counsel, and Davis' ineffective assistance claims are therefore not cognizable in this direct appeal.

Davis' counsel next suggests Davis was the victim of prosecutorial misconduct. Davis alleges no facts to support this contention. Moreover, we find no evidence of such misconduct in the record before us.

Davis next contends that the district court erred in determining her sentence, and that her indictment was tainted. We find these claims barred by Davis' knowing and voluntary waiver of her appellate

rights. *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990); *Hall v. McKenzie*, 575 F.2d 481 (4th Cir. 1978).

Pursuant to *Anders*, we have reviewed the record and find no error. Accordingly, we affirm Davis' conviction and sentence. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*